IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RASHID ABDUL-ALI, | ) | |
| Petitioner, | ) | Case No. 7:21-cv-00634 |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| FRANK DYER, et al., | ) | Chief United States District Judge |
| Respondents. | ) | |

## MEMORANDUM OPINION

Rashid Abdul-Ali, a prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he challenges the United States Parole Commission's delay in conducting a supervised release revocation hearing. For the reasons set forth below, the petition is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

## I.    BACKGROUND

At the time the petition was filed, Abdul-Ali was incarcerated at the Central Virginia Regional Jail in Orange, Virginia, where he was reportedly "[s]erving a sentence . . . after having been convicted of a crime" in the District of Columbia. Pet., ECF No. 1, at 1. The petition indicates that the conviction occurred while Abdul-Ali was on supervised release for a prior conviction in the Superior Court of the District of Columbia ("D.C. Superior Court"). Id. The petition is accompanied by an unexecuted "Warrant for Return of Prisoner Released to Supervision" that was apparently lodged as a detainer at the Central Virginia Regional Jail by the Parole Commission, which has jurisdiction over offenders serving terms of supervised release imposed by the D.C. Superior Court. See Pet. Attach. A, ECF No. 1-1, at 1; see also D.C. Code § 24-133(c)(2).

Abdul-Ali claims that his constitutional rights were violated as a result of not receiving a prompt revocation hearing. Pet. at 8. He also contends that the Parole Commission violated its own regulations by failing to "provide . . . a local revocation hearing within 65 days" or "an institutional revocation hearing within 90 days." Id. at 7–8. Abdul-Ali seeks to have the Parole Commission adhere to its regulations and grant him due process. Id. at 9.

## II.   DISCUSSION

By statute, "any offender who is released from imprisonment for any term of supervised release imposed by the Superior Court of the District of Columbia . . . shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release." D.C. Code § 24-133(c)(2); see also 28 C.F.R. § 2.200(a) ("The U.S. Parole Commission has jurisdiction, pursuant to D.C. Code [§] 24-133(c)(2), over all offenders serving terms of supervised release imposed by the Superior Court of the District of Columbia under the Sentencing Reform Emergency Amendment Act of 2000."). "The authority vested in the Commission . . . includes 'the authority both to revoke supervised release and return a releasee to custody, as well as to impose a new term of supervised release following his release from custody.'" Rahim v. U.S. Parole Comm'n, 77 F. Supp. 3d 140, 144 (D.D.C. 2015) (quoting Taylor v. U.S. Parole Comm'n, 860 F. Supp. 2d 13, 16 (D.D.C. 2012)).

"A prisoner challenging a Parole Commission decision is required to exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. §2241." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); see also Wallace v. Fed. Bureau of Prisons, 604 F. App'x 329, 329 (4th Cir. 2015) (holding that the petitioner was not entitled to habeas relief because he "failed to exhaust the appropriate administrative remedies to appeal the Parole

Commission's decisions"). Therefore, before Abdul-Ali filed the instant petition, "he had to first pursue available administrative remedies for his claim that he should receive a prompt revocation hearing on the D.C. violation." Chew v. Warden, No. 8:18-cv-01124, 2021 U.S. Dist. LEXIS 155392, at *4 (D. Md. Aug. 17, 2021).

To exhaust available administrative remedies in this context, a District of Columbia supervised releasee must first request that the Parole Commission review the detainer. Id. (citing 28 C.F.R. § 2.213(b) ("The Commission shall review the detainer upon the request of the prisoner pursuant to the procedure set forth in § 2.47(a)(2).")). Following such review, the Parole Commission has the option to:

> (1) Withdraw the detainer and order reinstatement of the prisoner to supervision upon release from custody;
>
> (2) Order a dispositional revocation hearing to be conducted at the institution in which the prisoner is confined; or
>
> (3) Let the detainer stand until the new sentence is completed. Following the execution of the Commission's warrant, and the transfer of the prisoner to an appropriate federal facility, an institutional revocation hearing shall be conducted.

28 C.F.R. § 2.213(b).

In his petition, Abdul-Ali expressly acknowledges that he did not pursue any form of administrative remedy before seeking relief under § 2241. See Pet. at 2–6. Because it is clear from the petition that Abdul-Ali did not exhaust available administrative remedies, and since he does not suggest that doing so would be futile, his petition must be dismissed without prejudice. See Chew, 2021 U.S. Dist. LEXIS 155392, at *5; see also Madison v. Md. Parole Comm'n, No. 1:14-cv-02733, 2015 U.S. Dist. LEXIS 55825, at *2 (D. Md. Apr. 29, 2015) ("As

it is clear that Madison did not exhaust his claim regarding the alleged delay in a parole revocation hearing . . . , his petition must be dismissed without prejudice.").

Since Abdul-Ali was convicted in a District of Columbia court, he is required to obtain a certificate of appealability in order to appeal the dismissal of his § 2241 petition. See Madley v. U.S. Parole Comm'n, 278 F.3d 1306, 1310 (D.C. Cir. 2002) (interpreting and applying 28 U.S.C. § 2253(c)(1)(A)). When a district court dismisses a habeas petition on procedural grounds, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Abdul-Ali has not met this standard, the court declines to issue a certificate of appealability.

## III.   CONCLUSION

For the reasons stated herein, the court **DISMISSES** Abdul-Ali's petition without prejudice for failure to exhaust administrative remedies. The court declines to issue a certificate of appealability. An appropriate order will be entered herewith.

Entered: May 2, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.05.02 14:54:03 -04'00'

Michael F. Urbanski
Chief United States District Judge

4